**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ROBERT STAHLNECKER,<br><br>Defendant-Appellant. | No. 20-50173<br><br>D.C. No.<br>5:19-cr-00394-SVW-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted October 19, 2021
Pasadena, California

Before: R. NELSON and VANDYKE, Circuit Judges, and SCHREIER,** District
Judge.

Following a jury trial, Stahlnecker was convicted under two federal statutes:

18 U.S.C. § 875(c) (Count Three of his indictment) and 47 U.S.C. § 223(a)(1)(C)

(Counts Four through Eight of his indictment).[1]   He now challenges those

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The Honorable Karen E. Schreier, United States District Judge for the District of
South Dakota, sitting by designation.

[1] Stahlnecker was acquitted on Counts One and Two of his indictment, which were
charged under a different federal statute: 18 U.S.C. § 115(a)(1)(B).  Because the
parties are familiar with the facts, we cite them herein only where necessary.

convictions. We have jurisdiction to review under 28 U.S.C. § 1291 and affirm.

**DISCUSSION**

Stahlnecker's convictions resulted from phone calls he made to congressional offices in 2019, purportedly to complain about the government's treatment of veterans. Many of those calls were laced with threats and profanity.

**A. 18 U.S.C. § 875(c): Conviction on Count Three**

Stahlnecker asserts three overlapping arguments as to why his conviction under 18 U.S.C. § 875(c) (for threatening to injure an individual through an interstate communication) should be overturned. None of the asserted challenges merit reversal.

First, Stahlnecker argues that his § 875 conviction is not supported by sufficient evidence. In reviewing the sufficiency of the evidence, we must determine whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Here, congressional intern Leah Uhrig testified that Stahlnecker told her "I am going to fucking come to your office and kill you, you miserable little C-U-N-T." That is more than sufficient evidence for a rational trier of fact to conclude that he conveyed a "threat to injure the person of another," especially when viewed in the light most favorable to the prosecution. 18 U.S.C. § 875(c).

2

Second, Stahlnecker argues that the government's evidence and district court's jury instructions constructively amended the indictment or resulted in prejudicial variance. In support, he contends that his acquittal on Count Two (for a threat to assault, kidnap, or murder a federal official with the intent to impede their official duties under 18 U.S.C. § 115(a)(1)(B)) and conviction on Count Three are inconsistent. Because Stahlnecker raises his prejudicial variance and constructive amendment arguments for the first time on appeal, they are reviewed for plain error. *See United States v. Hartz*, 458 F.3d 1011, 1019 (9th Cir. 2006).

As an initial matter, we review convictions on separate counts independently and "without regard for the consistency of the verdicts on different counts." *See United States v. Booth*, 309 F.3d 566, 575 (9th Cir. 2002). Sufficient evidence supports Stahlnecker's conviction on Count Three—so it should be affirmed notwithstanding any alleged discrepancy between the facts the jury must have found to convict on Count Three and its verdict on Count Two. In any event, the two verdicts are not inconsistent, because there are material differences between the statute underlying Count Two (18 U.S.C. § 115(a)(1)(B)) and the statute underlying Count Three (18 U.S.C. § 875(c)).[2] Accordingly, a rational trier of fact could (and

---

[2] A § 115 conviction requires a *more severe* threat (not just to injure or kidnap, as under § 875, but an intent to assault, kidnap, or murder a federal official) and a *more specific* intent (not just the intent to communicate a threat through an interstate communication, as under § 875, but a specific intent to impede, intimidate, or interfere with a federal official's job duties).

did) acquit Stahlnecker under § 115 and convict him under § 875 for the September 26, 2019 call to Ms. Uhrig without issuing inconsistent verdicts.

Further, there is no prejudicial variance as to Count Three. Stahlnecker was on notice of the crimes charged against him and the government properly focused its evidence on the allegations in the indictment by offering proof that Stahlnecker threatened to go to Ms. Uhrig's office and kill her.[3]

Finally, Stahlnecker argues that his § 875 conviction should be overturned because Jury Instruction No. 15 did not identify Ms. Uhrig as the specific person he threatened. We review Stahlnecker's jury instruction argument for plain error because he did not object to the instruction at trial—indeed, he joined in its proposal.[4] *See* Fed. R. Crim. P. 30(d); *see also United States v. Hong*, 938 F.3d 1040, 1046 (9th Cir. 2019).

---

[3] Stahlnecker argues that Ms. Uhrig's testimony identified other threats that he made during a later call on October 9, 2019—a threat to himself and a general threat to her office. But Stahlnecker's remarks about suicide and Ms. Uhrig's office were not sufficient to establish a true threat or suggest to the jury that they could convict on that basis. The bulk of the government's evidence in support of Count Three was offered by Ms. Uhrig's testimony recounting the call Stahlnecker made to her on September 26, 2019, in which he explicitly threatened to come to her office and kill her. The government was not required to disprove every potential alternative theory of the evidence. *See Bean v. Calderon*, 163 F.3d 1073, 1086 (9th Cir. 1998) (finding sufficient evidence supported the conviction even though the jury could have acquitted under an alternative view of the evidence, recognizing that "the state need not eliminate every theory of innocence for [defendant]'s conviction to stand").

[4] Stahlnecker concedes that he did not object to Jury Instruction No. 15 at trial, and instead points to his rejected proposal for a supplemental instruction that would have required proof that he threatened an "identifiable target." But proposing an alternative instruction does not alone preserve a specific challenge for de novo

4

Jury Instruction No. 15 is not inconsistent with the charging statute, the indictment, or the model jury instructions. Section 875 criminalizes interstate communications that include "any threat to injure the person of another." 18 U.S.C. § 875(c). The indictment charged that Stahlnecker violated § 875 when he "threatened to go to Victim B's office and kill Victim B." And the model jury instruction for § 875 instructs juries to convict if a natural person is threatened with injury or kidnapping. *See* Ninth Circuit Model Criminal Jury Instruction, No. 8.47B (2010).[5] The statute underlying Count Three requires only proof that a threat to injure the person of another was communicated through an interstate communication and does *not* require the particular person threatened be identified by name. *See* 18 U.S.C. § 875(c).

There is no plain error in the challenged jury instruction, which aligned with the statutory language in § 875 and did not prejudicially vary from or constructively amend the indictment. And regardless, the alleged defect does not appear to have resulted in any prejudice to support a finding of plain error as it did not affect the

review. *See United States v. Peterson*, 538 F.3d 1064, 1071 (9th Cir. 2008). Nor is objecting to an instruction on a different ground "sufficient to preserve de novo review." *United States v. Anderson*, 741 F.3d 938, 945 (9th Cir. 2013).

[5] Stahlnecker argues that the blank in the model jury instruction, reserved for the "name or title of [a] natural person," indicates that Jury Instruction No. 15 should have specifically identified Ms. Uhrig. But the jury instructions are required to follow the charging statute, not the model jury instructions, which "are models" only and "not mandatory." *See* Ninth Circuit Model Criminal Jury Instructions, Introduction to 2010 Edition (2010).

trial outcome or lower the government's burden. The jury instructions, when considered "as a whole [and] in the context of the entire trial," ensured that Stahlnecker was convicted on Count Three based on his death threat to Ms. Uhrig, the sole person he threatened to kill on September 26, 2019. *United States v. Johnson*, 680 F.3d 1140, 1147 (9th Cir. 2012) (citation omitted).

Accordingly, Stahlnecker's challenges to his Count Three conviction under § 875(c) fail to identify any plain error (or insufficient evidence) justifying reversal.

## B.     47 U.S.C. § 223(a)(1)(C): Convictions on Counts Four – Eight

Stahlnecker also raises, for the first time on appeal, a facial and as-applied First Amendment challenge to the statute underlying his convictions on Counts Four through Eight—47 U.S.C. § 223(a)(1)(C) (which criminalizes anonymous phone calls made with the intent to abuse, threaten, or harass)—arguing that it impermissibly burdens protected speech.

Assuming, without deciding, that Stahlnecker's constitutional challenge to § 223 was not waived in light of the recently amended Rule 12 of the Federal Rules of Criminal Procedure, we review for plain error and may reverse only if (1) there is an error; (2) that is clear and obvious; (3) that affects a defendant's substantial rights; and (4) that seriously affects the integrity of the judicial proceeding. *United States v. Hong*, 938 F.3d 1040, 1046 (9th Cir. 2019); *United States v. Chi Mak*, 683 F.3d 1126, 1133 (9th Cir. 2012) ("[C]onstitutional issues not originally raised at trial are reviewed for plain error.").

In the criminal context, a "court of appeals cannot correct an error pursuant to [plain error] unless the error is clear under current law." *United States v. Olano*, 507 U.S. 725, 734 (1993). No Supreme Court or Ninth Circuit precedent has clearly established the alleged unconstitutionality of § 223 when applied in this context, so a conviction under the statute does not constitute a clear and obvious error that would justify reversal under plain error review. And the merit of Stahlnecker's First Amendment challenge to § 223 is far from clear under current law. *See United States v. Wijegoonaratna*, 922 F.3d 983, 991 (9th Cir. 2019); *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003). There is no Supreme Court case invalidating § 223, nor is there unanimity among the circuits.[6] And the case law in our circuit offers no clear answer that would set the alleged unconstitutionality of § 223 beyond dispute.[7] Accordingly, Stahlnecker's convictions on Counts Four through Eight are

---

[6] Indeed, some circuits have upheld the constitutionality of § 223 in evaluating harassment against private individuals. *See United States v. Eckhardt*, 466 F.3d 938, 943–44 (11th Cir. 2006) (calls to a Teamsters union employee); *United States v. Bowker*, 372 F.3d 365, 379–80 (6th Cir. 2004) (communications to a news station about a news anchor), *vacated on other grounds by* 543 U.S. 1182 (2005); *United States v. Lampley*, 573 F.2d 783, 786–87 (3d Cir. 1978) (calls to an ex-girlfriend). But the D.C. Circuit invalidated § 223 as applied to a defendant who made calls to a public official. *See United States v. Popa*, 187 F.3d 672 (D.C. Cir. 1999).

[7] The most factually analogous case in our circuit seems to support the constitutionality of § 223 as it upheld a Washington state law that resembles § 223 against a First Amendment challenge by a veteran who was convicted for repeated anonymous harassing phone calls to a Veterans Affairs Medical Center. *See United States v. Waggy*, 936 F.3d 1014, 1015 (9th Cir. 2019).

affirmed under plain error review because the alleged unconstitutionality of 47 U.S.C. § 223(a)(1)(C) has not been clearly established.

## CONCLUSION

Accordingly, for the reasons expressed herein, Stahlnecker's convictions are hereby **AFFIRMED**.[8]

---

[8] Stahlnecker's Motion to Strike the Government's Answering Brief (ECF No. 31) is hereby denied.